## HIATT v. HARRIS.

CONTRACT.—SALE.—Where the precise thing intended to be bought and sold is ascertained and identified at the time, the seller must deliver the identical thing so fixed upon, and cannot fulfill his contract by delivering other things of a like nature.

SAME.—OFFER TO DELIVER.—In a suit to recover back money advanced on a contract for the purchase of a certain number of the best hogs fattened by the seller, which were to be of a certain average weight, the seller on the trial offered to prove that when the hogs were tendered, and the buyer refused to receive them because they did not come up to the weight required by the contract, he (the seller) then offered to procure and de-

liver immediately other hogs that would meet the requirements of the contract, which offer the buyer refused.

*Held*, that the evidence was properly excluded, 1, because the seller was not entitled under the contract to procure hogs not fattened by him to fill the contract; and 2, because the hogs were not actually tendered at the time and place.

APPEAL from the *Grant* Common Pleas.

GREGORY, J.—*Harris* sued *Hiatt* to recover back money advanced by the former to the latter on a contract by which *Hiatt* sold to *Harris* fifty head of corn-fatted merchantable hogs, of the best fattened by the former, of a certain average weight, to be delivered and weighed at *Jonesboro'*, from the 1st to the 15th of *November*, 1866, on demand, *Harris* agreeing to pay $8 per hundred pounds gross, on delivery. Twenty hogs were delivered and paid for before the 1st of *November*. *Hiatt*, on demand within the time fixed, tendered thirty hogs at the place of delivery, only eleven of which were of the kind required by the contract. *Harris* offered to accept the eleven, but refused to take the residue.

On the trial, the appellant offered to prove that at the time he tendered the thirty hogs, upon the refusal of the appellee to receive them, the former offered to bring immediately and deliver to the latter, at the place specified, such hogs as would fill the contract, and such as the appellee demanded, which appellee refused to accept or receive. The court refused to permit the evidence to go to the jury, to which action of the court the appellant excepted.

One of the causes assigned for a new trial is, "that the court erred on the trial in refusing to permit the defendant to offer testimony proper under the issue in the cause, to-wit, that when the defendant went to deliver the hogs named in the contract, and plaintiff rejected a portion thereof, the defendant then offered to procure and deliver immediately such hogs as plaintiff required, and that plaintiff refused to permit defendant to do so."

The law on this subject is well settled in *Shipp* v. *Bowen*

*et al.*, 25 Ind. 44, as quoted from Addison on Contracts: "When the precise article intended to be bought and sold was ascertained and identified at the time of the making of the bargain, the vendor must deliver the identical thing so fixed upon and ascertained, and cannot fulfill his con-tract by tendering and delivering anything else of a corres-ponding nature."

In the case under consideration, the contract was one of sale of fifty hogs of the best fattened by the vendor. The legal presumption is, that the appellant, acting in good faith, offered the best hogs fattened by him, but which, not com-ing up to the weight required, the appellee refused to ac-cept, and the offer was to supply the place of nineteen of these hogs with others of the proper weight. Moreover the offer was not a tender at the time and place, and the appel-lee was under no obligation to accept hogs not actually ten-dered. We think that the court committed no error in re-fusing the offered evidence.

It appears by a bill of exceptions that the appellant of-fered to prove, on the trial, that when the plaintiff got the twenty hogs before the day of delivery, the defendant told plaintiff he would not be able to fill the contract if he now let plaintiff have twenty of his best hogs, and that plaintiff said it would not make any difference, that he would not object to them on that account, to which the appellee ob-jected, and the court refused to admit the evidence, to which the appellant excepted. But this is not embraced in the motion for a new trial and cannot be considered by us.

The judgment is affirmed, with costs.

*A. Steele* and *R. T. St. John*, for appellant.

*J. Brownlee*, for appellee.